**Judgment affirmed and Opinion filed December 22, 1994**



In The

# Court of Appeals

For The

## First District of Texas

---

NO. 01-94-00463-CR

---

**JERMAINE WRIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 666,949**

---

## OPINION

A jury convicted appellant Jermaine Wright of murder and assessed punishment at 60-years confinement. In two points of error, appellant argues that the State's use of peremptory challenges during jury selection violated TEX. CODE CRIM. P. ANN. art. 35.261 (Vernon 1989) because it was racially motivated. We affirm.

### Facts

After both parties made their jury strikes, but before the jury was sworn, appellant objected that the State's use of peremptory challenges to exclude six black veniremembers from the jury was racially motivated. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986). Appellant himself is black. The trial court held a hearing to determine whether the State's reasons for exercising peremptory challenges against these prospective

jurors were racially neutral. On appeal, appellant complains of the strikes of two of these jurors, Mr. Williams and Mr. Rochelle.

At the *Batson* hearing, the prosecutor explained his strikes as follows:

Mr. Harpold (prosecutor): Okay. Mr. Williams was struck because in asking the question on punishment, he seemed to be leaning more towards not wanting punishment.

Mr. Goode (defense counsel): Judge, I will object to that characterization. I think the record reflects that he said the same thing as several, more than several, 20 people of the others. He said both. He didn't say, I'm leaning toward punishment.

Mr. Harpold: He just said he would consider it to be a weighing process and that he would consider either. Furthermore, he was -- he listed in his jury information that he is a professor at a university. I feel the professors at the universities tend to be liberal, and that was why -- another reason for that.

. . . .

Mr. Harpold: Mr. Rochelle was very slow in answering his questions. He seemed not to be understanding everything very well.

Mr. Goode: I'll object to that characterization, Your Honor.

The Court: And who do we get to rule on that?

Mr. Goode: The Court saw.

The Court: But this is a perceptual thing. It is difficult for me to read someone's mind. I wasn't impressed with his capability of grasping all the aspects that were being presented to him.

Mr. Harpold: And he, also, as with several others that I struck on punishment, said that in weighing the process, that he was kind of somewhere in the middle from definite about it.

The Court: Well, the difficulty here is did you strike others that said they could consider both?

Mr. Goode: And I would also ask him, Judge, did he strike everyone who said they would consider both rehabilitation and

punishment. And I think the record shows he did not.

The Court: That's what I just said.

Mr. Harpold: Let me answer that question. It's no, but it was one of the reasons, coupled with the other reasons I've given this Court. If something -- when I was making my striking procedure, if everything else the person said was good, except for just the either [sic] on the punishment question, I did not strike them, but if there were other factors coupled with their answer on punishment, then those are factors that I used then to strike them.

During voir dire, the prosecutor asked veniremembers whether they believed that the purpose of sentencing was to punish for the crime or to rehabilitate the defendant. Numerous veniremembers, including Mr. Williams and Mr. Rochelle, indicated that they believed sentencing should serve both to punish and to rehabilitate a defendant. The prosecutor testified that he did not strike every venireperson who favored rehabilitation, only those who had an additional troubling characteristic.

### Standard of Review

The State may not exercise peremptory challenges for reasons that are purely racial. *Batson,* 476 U.S. at 89, 106 S.Ct. at 1719 (1986); *Swain v. Alabama*, 380 U.S. 202, 203-04, 85 S.Ct. 824, 826 (1965). Whenever the defendant in a criminal case establishes a *prima facie* case that the prosecutor made racially motivated strikes against eligible veniremembers, the prosecutor is required to explain his or her reasons for the peremptory challenges. *Linscomb v. State*, 829 S.W.2d 164, 165 (Tex. Crim. App. 1992). To establish a *prima facie* showing of purposeful racial discrimination, a defendant must show that: (1) he or she is a member of a cognizable racial group; (2) the prosecutor has exercised peremptory challenges to remove members of defendant's race from the jury panel; and (3) these facts, along with other relevant circumstances, raise an inference that the prosecutor used that practice to exclude the veniremembers from the jury because of their race. *Keeton v. State*, 724 S.W.2d 58, 65 (Tex. Crim. App. 1987).

Once a defendant has made a *prima facie* case of discrimination, the trial

court must hold a hearing on defendant's *Batson* motion. The State must then offer legitimate reasons, clearly explained with reasonable specificity, for the exercise of peremptory strikes against the veniremembers in question. *Whitsey v. State*, 796 S.W.2d 707, 713 (Tex. Crim. App. 1990). The trial must evaluate these reasons "in the light of the circumstances of that trial to determine whether the explanations are merely pretext." *Id.*

It is the defendant's burden to convince the trial judge "by a preponderance of the evidence that the allegations of purposeful discrimination are true in fact." *Tompkins v. State*, 774 S.W.2d 195, 202 (Tex. Crim. App. 1987), *aff'd*, 490 U.S. 754, 754 109 S.Ct. 2180, 2180 (1989). The trial court's decision must be reviewed in the light most favorable to its ruling. *Woods v. State*, 801 S.W.2d 932, 935 (Tex. App.--Austin 1990, pet. ref'd). The trial court's decision will not be disturbed on appeal unless it is clearly erroneous and unless the reviewing court is left with the clear conviction that a mistake has been made. *Harris v. State*, 827 S.W.2d 949, 955 (Tex. Crim. App. 1992); *Hill v. State*, 827 S.W.2d 860, 865 (Tex. Crim. App. 1992). The best evidence from which to make such a determination is the demeanor of the prosecutor. Because the trial court is peculiarly situated to ascertain the credibility of the prosecutor, great deference is given to its ruling. *Hernandez v. New York*, 111 S.Ct. 1859, 1869 (1991).

### Peremptory Strikes

In points of error one and two, appellant contends that the trial court erred in permitting the State to exclude veniremembers Melvin Williams and Earl Rochelle from the jury. He argues that the State's use of peremptory challenges was racially motivated and therefore in violation of Tex. Code Crim. P. Ann. art. 35.261 (Vernon 1989).

### Common Treatment

The prosecutor testified that he struck Mr. Williams and Mr. Rochelle because, in addition to sharing a belief that sentencing should be used both for

punishment and rehabilitation, each exhibited an additional objectionable characteristic. The prosecutor did not strike every venireman who favored rehabilitation, only those who also exhibited some other negative trait.

Disparate treatment cannot be imputed in every situation where one of the State's reasons for striking a veniremember might also apply to another, acceptable, veniremember. *Cantu v. State*, 842 S.W.2d 667, 689 (Tex. Crim. App. 1992), *cert. denied*, 113 S.Ct. 3046 (1993); *Roberts v. State*, 866 S.W.2d 773, 777 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) ("The State's decision to strike some venire members who expressed sympathy concerns is not undermined by its failure to strike all members who expressed the same concerns."). A decision to exercise a peremptory challenge against a particular veniremember cannot be rigidly quantified. *Cantu*, 842 S.W.2d at 689. It is unlikely that any two veniremembers will posses the same problematic characteristic in precisely the same degree. *Id.* Thus, to find the trial court's ruling clearly erroneous, the record must reflect something beyond the fact that veniremembers who were not struck possessed the same objectionable characteristic as those struck by the State. *Cantu*, 842 S.W.2d at 689; *Lemon v. State*, 837 S.W.2d 163, 169 (Tex. App.--El Paso 1992), *rev'd on other grounds*, 861 S.W.2d 249 (Tex. Crim. App. 1993).

The record clearly reflects that several other veniremembers believed that sentencing should serve both as punishment and as rehabilitation. They were not struck because they did not exhibit an additional negative characteristic, as did Mr. Williams and Mr. Rochelle.

### Occupation

The prosecutor testified that he struck Mr. Williams from the jury because, in addition to his beliefs about sentencing, he was a college professor. College professors, in his opinion, are too liberal.

The Court of Criminal Appeals has recently held that occupation alone is

not a legitimate reason for a peremptory strike. *Emerson v. State*, 851 S.W.2d 269, 274 (Tex. Crim. App. 1993). In that case, occupation was the sole reason given by the prosecutor for the peremptory strike. The prosecutor did not question the venireperson to inquire whether the traits allegedly associated with the profession in general applied to the venireperson in particular. In this case, Mr. Williams's employment, in addition to his views on punishment, were the reasons given for the peremptory strike. His occupation separated him from the other jurors who had expressed the belief that sentencing should serve as rehabilitation. Together, these reasons constitute a race-neutral reason for the prosecutor's peremptory strike.

### Failure to Grasp the Issues

The prosecutor struck Mr. Rochelle because of his views on sentencing *and* because he had difficulty understanding voir dire and was slow to answer questions. These observations were confirmed by the trial court, who noted that he was "not impressed with [Mr. Rochelle's] capability of grasping all the aspects that were being presented to him."

The court of appeals must defer to the trial judge's observations of a veniremember's answers and demeanor during voir dire. *Alexander v. State*, 866 S.W.2d 1, 8 (Tex. Crim. App. 1993). The prosecutor's explanation that he struck Mr. Rochelle because of his difficulty in grasping the issues involved, together with his views on sentencing, constitutes a racially neutral reason for the strike.

The trial court's ruling that the prosecutor's strikes were racially neutral is not clearly erroneous. Accordingly, we overrule points of error one and two.

We affirm the judgment of the trial court.

/s/ Adele Hedges
Adele Hedges
Justice

Justices Cohen and Wilson also participating.

Do not publish. TEX. R. APP. P. 90.

Judgment rendered and opinion delivered
True Copy Attest:

Margie Thompson
Clerk of Court