Richard Gus LEMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 1195–92.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 1993.

Thomas S. Morgan, Midland, for appellant.

Al Schorre, Dist. Atty., and Ralph Petty, Asst. Dist. Atty., Midland, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted by a jury of misapplication of fiduciary property valued over $10,000 but less than $100,000, a second degree felony under V.T.C.A. Penal Code, § 32.45. The trial court assessed punishment at ten years confinement in the penitentiary, probated over seven years. On appeal appellant argued, *inter alia,* that the trial court erred in imposing as a condition of his probation 600 hours of community service "as directed by the Adult Probation Officer." Specifically, appellant asserts the trial court violated Article 42.12, §§ 11(a)(10) and 17(a), V.A.C.C.P., when it failed to specify in its court order the particular community service project where appellant was to perform his community service work. The El Paso Court of Appeals held it was not necessary for the trial court to designate a specific community service program. Instead, the trial court could authorize the probation department "to designate appropriate community-service programs or projects for the probationer to discharge his obligation." *Lemon v. State,* 837 S.W.2d 163, 171 (Tex.App.—El Paso 1992). We granted appellant's petition for discretionary review to examine the novel issue of whether the trial court's failure to specify a community service project or organization for which appellant is to perform his hours of service invalidates the trial court's order of community service. Tex.R.App. Pro., Rule 200(c)(2).

In the judgment signed July 3, 1991, the trial court suspended appellant's ten year sentence and placed him on seven years probation under Article 42.12, supra, the adult probation statute. The trial court's judgment contained numerous provisions including a condition that appellant perform a specified number of hours of community service

during the term of his probation. The judgment ordered that appellant:

"(16) At such times and places as may be directed by the Adult Probation Officer, perform the following number of hours of community service: 1000."

By order entered September 23, 1991, the trial court reduced the requisite number of hours of community service to 600.[1] Neither the original community service provision in the trial court's judgment, nor the later court order modifying this condition ever designated a particular community service project where appellant was to perform his community service work. Instead, the trial court left it to the Probation Department to determine exactly when and where appellant would perform his community service.

■ The authority for a trial court to require community service as a condition of probation is currently found in Article 42.12, §§ 11(a)(10) and 17(a). Section 11(a)(10) provides that:

"Terms and conditions of probation may include, but shall not be limited to, the conditions that the probationer shall:

\* \* \* \* \* \*

(10) Participate, for a time specified by the court in any community-based program, including a community-service work program *designated by the court.*"[2]

Section 17(a) states:

"If the court places a defendant on probation, the court may require, as a condition of the probation, that the defendant work a specified number of hours at a community service project or projects for an organization or organizations *named in the court's order* . . ."

Appellant argues that these sections clearly establish that it is within a trial court's discretion to order community service work as a condition of probation. Should the trial court in fact order such community service, however, the express language of 42.12 § 17(a) requires the trial court to designate in its court order both the exact number of hours to be worked and the particular community service project or projects where this work is to be performed.

As authority for his position, appellant cites *Tovar v. State,* 777 S.W.2d 481 (Tex. App.—Corpus Christi 1989, pet. ref'd). In *Tovar,* the Corpus Christi Court of Appeals invalidated a similar condition of probation which required that probationer "provide 200 hours of community service as directed by the Adult Probation Department." *Id.,* at 496. The *Tovar* court held the trial court's failure to designate a specific community service project in its order violated the express requirements of Article 42.12, supra.[3] The court of appeals then modified the trial court's judgment and deleted probationer's community service requirement pursuant to Tex.R.App.Pro., Rule 80(b)(2). *Id.*

The El Paso Court of Appeals, rejected appellant's argument that his community ser-

---

**1.** Article 42.12 § 17(b)(2), V.A.C.C.P., states that the amount of community service work ordered by the court as a condition of probation may not exceed 800 hours for an offense classified as a second degree felony. Appellant was convicted of a second degree felony.

**2.** All emphasis is supplied unless otherwise indicated.

**3.** At the time of Tovar's conviction, a trial court's authority to order community service as a condition of probation was governed by Article 42.12, §§ 6(a)(10) and 10A. As the court of appeals in the instant case noted, these sections have been revised and redesignated into the current version of Article 42.12, §§ 11(a)(10) and 17(a), respectively. Former § 6(a)(10) stated that terms and conditions of probation may include that the probationer shall:

"Participate, for a time specified by the court and subject to the same conditions imposed on community-service probationers by Sections 10A(c), (d), (g) and (h) of this article, in any community-based program, including a community-service work program designated by the court."

Section 10A(c) stated further that:

"If the court places a defendant on community-service restitution probation, the court shall require, as a condition of probation, that the defendant work a specified number of hours at a specified community service project for an organization named in the court's order."

Those portions of the former §§ 6(a)(10) and 10A(c) above which are highlighted have either been deleted or revised in the current version of the statute. What has not changed in the current version, however, is the requirement that the community service project or organization be "designated" and "named in the court's order." See text, post.

vice order, like that in *Tovar*, violates Article 42.12. In doing so, the court of appeals noted that since the opinion in *Tovar* there have been significant changes to the Adult Probation statute. From the addition of § 10(d), and the revision and recodification of former §§ 6(a)(10) and 10A(c) into current §§ 11(a)(10) and 17(a), respectively, see n. 2 *ante*, the court of appeals concluded a trial court no longer has to designate a specific community service program in its order setting out the terms and conditions of probation. Instead, the trial court may authorize the probation department to choose the community service programs where a probationer is to perform his hours of service. *Lemon*, 837 S.W.2d at 171. We disagree.

The first change to the adult probation statute relied on by the court of appeals was the Legislature's addition of § 10(d), which reads in part:

"A court that places a defendant on probation may authorize the probation officer supervising the probationer ... to modify the conditions of probation for the limited purpose of transferring the probationer to different programs within the probation program."

The court of appeals believed that "the addition of Section [ ] 10(d) ... clearly illustrates the legislature's intent to lessen the burden upon trial courts ... regarding the supervision, management and modification of community service programs when utilized in the terms of probation." *Lemon*, supra, at 171. From this apparent legislative intent to give trial courts greater flexibility in the supervision and management of probationers the court of appeals gleaned authority for a trial court to delegate to probation officers the responsibility to choose at the outset where a probationer will perform his hours of community service.

■ Under § 10(d), however, probation officers are given limited authority only to "modify" probation, and then only if authorized by the trial court and the changes are within the program to which the probationer is assigned. It remains the responsibility of the trial court in the first instance to impose the conditions of probation. Article 42.12, § 10(a). Before *anyone* can "modify" a condition of probation, the trial court must first have originally imposed that condition. And as far as community service is concerned, for the trial court to impose this condition, it still must "designate" an organization, § 11(a)(10), and "name" it in its order, § 17(a), both supra. If the trial court fails to designate the program and instead leaves this decision to the full discretion of the probation officer, the officer has not "modified" a condition of probation under § 10(d); rather, he has imposed a condition of probation, in violation of § 10(a). This constitutes an improper delegation of the trial court's responsibility in imposing conditions of probation. Cf. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex.Cr.App.1987) ("It is well established that a trial court cannot delegate its duty and responsibility for determining the conditions of probation to the probation officer or anyone else.").[4] Therefore, the court of appeals was in error when it concluded that § 10(d) somehow provided a basis for the trial court to authorize the probation department to chose the community service project at which appellant was to work.

The court of appeals acknowledged that the express wording of Article 42.12, §§ 11(a)(10) and 17(a), seems to require trial courts to name or designate a specific community service project in its court order. Nevertheless, the court of appeals determined that the specific wording of the statute was no longer "mandatory." As set out above, former § 10A(c) read:

---

4. *DeGay* was decided under former Article 42.12, §§ 5(a) and 6(a), which have been carried over with little revision into present §§ 10(a) and 11(a), respectively. Former § 5(a), now § 10(a), provides, *inter alia*, that only the court in which the defendant was tried may grant or revoke probation, fix or impose conditions, or discharge the defendant. And former § 6(a), now § 11(a), provides in part that "[t]he court having jurisdic-

tion of the case shall determine the terms and conditions of probation and may, at any time, during the term of probation alter or modify the conditions ..." While § 10(d) now provides probations officers limited authority to modify conditions of probation, it does not relieve the trial court of its responsibility, in the first instance, to determine and impose the specific terms and conditions of probation.

"If the court places a defendant on community service restitution probation, the court *shall* require as a condition of probation, that the defendant work a specified number of hours at a *specified* community-service project for an organization named in the court's order."

Now § 17(a) provides:

"If the court places a defendant on probation, the court *may* require, as a condition of probation, that the defendant work a specified number of hours at a community service project or projects for an organization or organizations named in the court's order."

The court of appeals found significant two changes in this recodification. First, the legislature appears to have replaced the word "shall" with "may." Second, § 17(a) omits the word "specified" from the phrase "at a *specified* community service project." The court of appeals interpreted these changes to mean that while a trial court *may* be the one to decide the specific community service project where a probationer is to perform his service, the statute no longer mandates it. Apparently the court of appeals has misunderstood the significance, or more aptly the insignificance, of these changes.

First, the Legislature did not simply change a "shall" to a "may" in § 17(a). Under former § 10A(c) the trial judge was required ("shall") to specify a community service organization, but only "if" he exercised his discretion in the first instance to place the defendant "on community service restitution probation." Now, under § 17(a), the trial court "may" require community service "if" it "places a defendant on probation." The use of the word "may" in § 17(a) is thus nothing more than an expression of that same trial court's discretion, implicit in former § 10A(c), to order community service as a condition of probation in the first place. Nothing has changed. Whether the trial court orders a probationer to perform community service was discretionary with the trial court under former § 10A(c), and remains discretionary now in § 17(a). Replacing the word "shall" with "may" in no way affects the express requirement that *if* the trial court chooses to exercise its discretion to require community service as a condition of probation, it must then designate both the requisite number of hours to be worked *and the community service project where these hours are to be performed.*

Second, the court of appeals' reliance on the deletion of the word "specified" is also misplaced. It appears the Legislature deleted this word in its effort to allow trial courts to indicate multiple community service options in its court order. The phrase "at a *specified* community-service project for an organization named in the court's order" was changed to read "at a community service project *or projects* for an organization *or organizations* named in the court's order." This change allows trial courts to name several community service projects where the probationer is to discharge his designated hours of service. But again, the deletion of the word "specified" in no way alters the requirement that these programs or organizations be "named in the court's order."

Thus, we hold that nothing in either § 10(d) or § 17(a) allows trial courts ordering community service as a condition of probation to forego naming a community service project or organization in its original order defining the terms and conditions of the probation. As in *Tovar*, because the trial court in the case at bar failed to specify a particular community service project, the condition of probation requiring appellant to perform 600 hours of community service violates Article 42.12, supra. The court of appeals erred to hold otherwise.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.