Gerald Scott COTTEN, Appellant

v.

The STATE of Texas, State.

No. 2–93–362–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 1, 1995.

Jackson & Hagen and H.F. Rick Hagen, Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., Kathleen Walsh and Lisa Decker, Asst. Dist. Attys., Denton, for appellee.

Before LATTIMORE, WEAVER and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant Gerald Scott Cotten was convicted by a jury of the offense of burglary of a habitation. *See* TEX.PENAL CODE ANN. § 30.02 (Vernon 1994). The jury assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, probated for ten years, and a $5,000 fine. On appeal appellant raises three points of error, contending that: (1)–(2) he was denied effective assistance of counsel as provided by the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution; and (3) that the trial court erred in failing to name a specific community services project or organization in its original order defining the terms and conditions of appellant's probation.

We sustain appellant's third point of error and remand this cause to the trial court for further proceedings consistent with this opinion.

Appellant was convicted of burglarizing the home of his wife, Karla Cotten, in the early morning hours of May 8, 1992. At approximately 7:30 p.m. the previous evening, Ms. Cotten took her two daughters to dinner with their grandmother to celebrate one of the girl's good grades. Ms. Cotten and the children then spent the night with the children's grandmother, and returned home at about 7:00 a.m. the next morning. When she arrived home, Ms. Cotten noticed the bulb from the front porch light was missing. She also found the deadbolt on the front door unlocked, and paint on the door was chipped. When she entered the home, Ms. Cotten did not initially observe anything else out of the ordinary because she was in a hurry to get the children ready for school. However, she gradually realized things were out of place or missing. Specifically, Ms. Cotten found a letter from her divorce lawyer torn and lying on her couch, pictures from a plastic insert from her wallet were removed and torn, social security cards belonging to Ms. Cotten and her daughters were missing, the motor housing of a vacuum cleaner had been kicked in, shampoo and

creme rinse had been poured into the bathtub, two books kept in the bathroom were torn, and the words "fucking whore" had been written on the bathroom mirror with hairspray.

Among the items discovered missing from Ms. Cotten's home was a demo tape containing "Christian music" that a mutual friend, Matt Eaton, had recently given to Ms. Cotten. Eaton gave Ms. Cotten the "leftover" tape six days prior to the burglary. That tape was one of only eight copies, all but two of which were given to people who previously attended a music seminar with Eaton. On the day of the offense, at approximately 4:45 a.m., appellant telephoned Eaton and said "I heard the tape you gave Karla." Eaton stated that during this conversation, appellant was "pretty hostile" and "kind of jealous."

At the time of the offense, appellant and Ms. Cotten were involved in a "bitter" divorce and custody dispute. Ms. Cotten testified that appellant did not have consent to enter her home and that a protective order was issued to insure compliance with her wishes. Frank Mills, the police officer with The Colony Police Department who conducted an initial investigation, testified that in his opinion the burglary was directed towards Ms. Cotten personally because the items that were damaged or taken were personal items, not objects of monetary value. Appellant was indicted and convicted for the burglary.

Appellant does not contest the sufficiency of the evidence that ultimately influenced his conviction. Instead, he argues for reversal based on the ineffectiveness of his trial counsel, and an error in the trial court's judgment. In his first and second points of error, appellant contends that he was denied effective assistance of counsel, and directs our attention to several examples of deficiencies in his counsel's representation which he claims denied him the level of effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution.[1] Specifically, appellant cites:

counsel's failure to file a motion in limine; counsel's failure to request an instruction to disregard when a witness testified that appellant was subject to a protective order and gave specific examples of appellant's violent behavior; counsel's failure to object to a witness' nonresponsive answers; and counsel's failure to request a limiting instruction in the jury charge. Having reviewed the record before us, and considering the strict standards for determining when counsel is ineffective, we find that appellant failed to prove he was rendered ineffective assistance.

The standard by which we review the effectiveness of counsel at the guilt-innocence stage of a non-capital trial was articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). *Ex parte Menchaca*, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993). The Supreme Court in *Strickland* outlined a two-step analysis. First, the reviewing court must decide whether trial counsel's performance failed to constitute "reasonably effective assistance." Stated differently, the question is whether trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. If counsel's performance fell below the objective standard, the reviewing court must determine whether there is a "reasonable probability" the result of the trial would have been different but for counsel's deficient performance. A reasonable probability is a "probability sufficient to undermine the confidence of the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. Absent both showings, we cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Boyd v. State*, 811 S.W.2d 105, 109 (Tex. Crim.App.), *cert. denied*, 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991). Under the *Strickland* test, the defendant bears the burden of proving ineffective assistance. In

---

1. Appellant abandons any challenge that the Texas Constitution provides greater protection than its federal counterpart in reviewing ineffective assistance claims. *See Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Crim.App.1991). Because appellant's federal and state claims are governed by the same standard, we will consolidate them for purposes of appellate review.

addition, when reviewing a claim of ineffective assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95.

■ In his first example of an alleged deficiency, appellant contends that his trial counsel failed to file a motion in limine requesting the trial court instruct the State not to elicit testimony regarding extraneous acts. If, in fact, evidence of extraneous acts was inadmissible, a motion in limine would serve to protect against prejudicial questions and statements about such evidence. *See Wenzy v. State,* 855 S.W.2d 52, 56 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Appellant next cites to trial counsel's failure to object when Ms. Cotten interjected testimony concerning evidence of extraneous acts. In particular, after responding "no" when the State asked if she had given appellant consent to enter her home on the date of the offense, Ms. Cotten qualified her answer by referring to a protective order she requested to keep appellant away. Appellant claims that this reference implied that he committed acts of violence against his wife, or women in general. Ms. Cotten then commented that she asked appellant to "get some help" for his problems. Although appellant's trial counsel objected to the later statement as nonresponsive, appellant argues that counsel should have requested an instruction to disregard. Appellant complains further that on cross-examination of Ms. Cotten his trial counsel failed to object to non-responsive answers, asked harmful questions, and even when counsel did object, he failed once again to request the trial court instruct the jury to disregard. In his final example, appellant argues that his trial counsel failed to request a limiting instruction in the jury charge concerning the extraneous offense evidence that was admitted.

We gather from his arguments that appellant believes the admitted extraneous offense evidence contributed to the jury's finding at the punishment phase of the trial, and that, therefore, he was denied a fair and impartial judgment. Even assuming, however, that the evidence was inadmissible, and that appellant could show that his trial counsel's actions and inactions were deficient under the first prong of *Strickland,* appellant has not met his burden to prove that the outcome at trial was unreliable. It is well settled that isolated failures to object to certain procedural mistakes or improper evidence or argument do not constitute ineffective assistance of counsel per se. *Hathorn v. State,* 848 S.W.2d 101, 118 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993); *Curry v. State,* 861 S.W.2d 479, 484 (Tex.App.—Fort Worth 1993, pet. ref'd). A reviewing court must examine the adequacy of counsel's assistance based upon a totality of the representation. *Johnson v. State,* 614 S.W.2d 148, 149 (Tex. Crim.App. [Panel Op.] 1981); *Curry,* 861 S.W.2d at 484. After reviewing the record and appellant's arguments, we hold the appellant has not met his burden to show that his defense was somehow prejudiced by his trial counsel's deficient representation. Accordingly, points of error one and two are overruled.

In his third point of error, appellant contends that the trial court erred in imposing as a condition of his probation 200 hours of community service "as assigned by the Denton County Adult Probation Community Service Coordinator." Specifically, appellant asserts the trial court's original order defining the terms and conditions of probation violated article 42.12, sections 11(a)(10) and 17(a) of the Texas Code of Criminal Procedure, when it failed to name the particular community services project or organization where appellant was to perform his community service work.

■ Appellant relies on *Lemon v. State,* 861 S.W.2d 249 (Tex.Crim.App.1993), in which the court of criminal appeals held that after ordering community service as a condition of probation, a trial court may not forego naming a community services project or organization in its original order. *Id.* at 252 (interpreting TEX.CODE CRIM.PROC.ANN. art. 42.12, §§ 11(a)(10) and 17(a) (Vernon 1988)). If the trial court fails to designate the pro-

gram and instead leaves this decision to the full discretion of the probation officer, as in this case, the court's action constitutes an improper delegation of its responsibility in imposing conditions of probation. *Id.* at 251.

The State argues, however, that the current version of article 42.12 omits the language relied on in *Lemon* that required a trial court to name a specific community services project or organization.[2] Hence, the State believes the holding in *Lemon* is no longer viable precedent. After reviewing the legislative history behind the current version of article 42.12, we find that while the State's argument has merit in the right context, it fails under the present facts. When the legislature amended article 42.12 in 1993, it expressly provided that:

> [T]he change in law made by this article to Article 42.12, Code of Criminal Procedure, applies only to a defendant charged with or convicted of an offense committed on or after the effective date of this article.... A defendant charged with or convicted of an offense committed before the effective date of this article is covered by the law in effect *when the offense was committed*, and the former law is continued in effect for this purpose.

Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.02, 1993 Tex.Gen. Laws 3586, 3742. The effective date for the current amended version was September 1, 1993, *id.* § 4.05 at 3743; appellant was convicted in July of 1993. Therefore, the holding in *Lemon* represents the law applicable in the instant case. Consistent with *Lemon*, we hold the trial court erred in failing to name a specific community services project or orga-

nization in its original order defining the terms and conditions of appellant's probation. Appellant's third point of error is therefore sustained.

Accordingly, we affirm the judgment of the trial court and remand this cause for the limited purpose of entry of judgment naming a specific community services project or organization with which appellant may complete the terms and conditions of his probation.

WEAVER, J. (not participating).

---

2. At the time of appellant's conviction, article 42.12, section 11(a)(10) read as follows:

Terms and conditions of probation may include, but shall not be limited to, the conditions that the probationer shall:

....

(10) Participate, for a time specified by the court in any community-based program, including a community-service work program *designated by the court;*

Act approved June 15, 1991, 72nd Leg., R.S., ch. 572, § 3, 1991 Tex.Gen.Laws 2029, 2031, *amended by* Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen. Laws 3586, 3725 (current version at Tex.Code Crim.Proc Ann art. 42.12, § 11(a)(10) (Vernon Supp.1995)) (emphasized language omitted in current version).

In addition, article 42.12, section 17(a) also provided:

If the court places a defendant on probation, the court may require, as a condition of the probation, that the defendant work a specified number of hours at a community service project or projects for an organization or organizations *named in the court's order....*

Act approved June 18, 1990, 71st Leg., 6th C.S., ch. 25, § 9, 1990 Tex.Gen.Laws 108, 110, *amended and renumbered by* Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen. Laws 3586, 3734 (current version at Tex.Code Crim Proc.Ann. art. 42.12, § 16(a) (Vernon Supp.1995)) (emphasized language omitted in current version).