TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00356-CR







Linda Mae Lilly, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-134, HONORABLE JACK ROBISON, JUDGE PRESIDING








 A jury convicted appellant, Linda Mae Lilly, of injury to a child. See Act of May 29, 1993,
73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3622-23 (Tex. Code Crim. Proc. Ann. art.
22.04(a)(3), since amended). (1) The jury assessed punishment at five years' imprisonment, but
recommended "probation," (2) finding appellant had not been previously convicted of a felony. The imposition
of the sentence was suspended and appellant was placed on community supervision for five years subject
to certain designated conditions.


Points of Error


 Appellant advances five points of error, all related to the conditions of community
supervision. In the first three points, appellant complains of those conditions requiring submission to
psychological/psychiatric counseling, participation in the program of the Travis County Battered Women's
Center, and limiting contact and visitation with the victim to supervised visitations. Appellant urges that
these three conditions involve unauthorized delegation of authority to the supervision officer. Point of error
four contends that the trial court erred in ordering appellant to personally pay court-appointed counsel the
sum of $2,500 in addition to the $2,500 ordered paid to the county to reimburse it for the cost of appointed
counsel. Lastly, appellant contends that the trial court erred in ordering appellant to be supervised in
Caldwell County. Appellant does not challenge the sufficiency of the evidence or the validity of the
conviction.


Community Supervision and Its Conditions


 Texas courts having original jurisdiction of criminal actions have the power, after conviction,
to suspend the imposition or execution of sentence and to place a defendant on probation and to reimpose
such sentence under such conditions as the legislature may prescribe. See Tex. Const. art. IV, § 11A;
Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.). This authority represents a
limited grant of clemency to the courts by the people. McNew v. State, 608 S.W.2d 166, 170 (Tex. Crim.
App. 1978).

 Article 42.12 of the Texas Code of Criminal Procedure is one of the enabling acts. (3) Article
42.12, section 1 provides in part:


It is the purpose of this article to place wholly within the state courts the responsibility for
determining when the imposition of sentence in certain cases shall be suspended, the
conditions of community supervision, and supervision of defendants placed on community
supervision in consonance with the powers assigned to the judicial branch of this
government by the Constitution of Texas.



Tex. Code Crim. Proc. Ann. art. 42.12, § 1 (West Supp. 1998).

 Article 42.12, section 11(a) provides in part:


Sec. 11. (a) The judge of the court having jurisdiction of the case shall determine the
conditions of community supervision and may, at any time, during the period of community
supervision alter or modify the conditions. The judge may impose any reasonable
condition that is designed to protect or restore the community, protect or restore the
victim, or punish, rehabilitate, or reform the defendant. Conditions of community
supervision may include, but shall not be limited to, the conditions that the defendant shall:
. . . 



Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 1998).

 As the statute makes clear, a trial court in imposing conditions of community supervision
is not limited to the conditions set forth in the statute. The trial court has wide discretion in fashioning
appropriate conditions of community supervision. Fielder v. State, 811 S.W.2d 131, 134 (Tex. Crim.
App. 1991); Hernandez v. State, 556 S.W.2d 337, 342 (Tex. Crim. App. 1977); Tamez v. State, 534
S.W.2d 686, 691 (Tex. Crim. App. 1976). The condition imposed should be reasonable itself and have
a reasonable relationship to the treatment of the accused and the protection of the public. Fielder, 811
S.W.2d at 134; Tamez, 534 S.W.2d at 691.

 A defendant placed on community supervision may not only appeal a revocation of
community supervision, but may appeal at the time he or she is placed on community supervision. Tex.
Code Crim. Proc. Ann. art. 42.12, § 23(b) (West Supp. 1998); Keith v. State, 916 S.W.2d 602, 608
(Tex. App.--Amarillo 1996, no pet.); Vasquez v. State, 779 S.W.2d 515, 515 (Tex. App.--Austin
1989, no pet.). Appellant has exercised that right in the instant case.

 In examining the conditions of community supervision imposed on a defendant, the
reviewing court must determine whether the trial court abused its discretion. LeBlanc v. State, 908
S.W.2d 573, 574 (Tex. App.--Fort Worth 1995, no pet.).


First Point of Error


 With this background, we examine appellant's contentions. First, appellant argues that the
trial court erred in imposing condition 18 of the community supervision which reads: "Submit to
psychological/psychiatric evaluation and counseling as directed by the Supervision Officer, pay all costs,
and provide written verification of attendance to the Supervision Officer."

 The main thrust of appellant's argument is that the condition improperly delegates authority
to the supervision officer. The relationship between the trial court and the "probationer" has been said to
be contractual in nature. De Gay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987). Normally,
the trial court cannot delegate its duty and responsibility for determining the conditions of community
supervision to the supervision officer or anyone else. Id.; Jones v. State, 571 S.W.2d 191, 193 (Tex.
Crim. App. 1978); Ortega, 860 S.W.2d at 565; see generally 42 George E. Dix and Robert O. Dawson,
Criminal Practice and Procedure, § 39.75 at 748-49 (Texas Practice 1995) (hereinafter Dix). A
condition that the defendant report to the probation officer as directed has been held to be an improper
delegation of authority. Smith v. State, 527 S.W.2d 896, 897 (Tex. Crim. App. 1975); see also Cox v.
State, 445 S.W.2d 200, 201 (Tex. Crim. App. 1969); McDonald v. State, 442 S.W.2d 386, 387 (Tex.
Crim. App. 1969). Appellant relies upon this line of cases in challenging condition 18.

 Article 42.12, section 14(b) provides in part: "(b) If the court grants probation to a person
convicted of an offense under Section [sic] 21.11, 22.011, 22.021, or 22.04, Penal Code, the court may
require the probationer to attend psychological counseling sessions at the direction of the probation officer
. . . " Act of May 7, 1993, 73d Leg., R.S., ch. 165, § 1, 1993 Tex. Gen. Laws 318, 319. Appellant was
convicted of an offense under section 22.04, so article 44.12, section 14(b) would be applicable to the
instant case. Apparently aware of the earlier case law, the Legislature has expressly authorized the
condition to be "at the direction of the probation officer." The trial court cannot always be the "traffic cop"
as a probationer moves from one program to another in an effort to rehabilitate the probationer. Article
42.12, section 10(d) provides:


 (d) A judge that places a defendant on community supervision may authorize the
supervision officer supervising the defendant or a magistrate appointed by the district
courts in the county that give preference to criminal cases to modify the conditions of
community supervision for the limited purpose of transferring the defendant to different
programs within the community supervision continuum of programs and sanctions.

Tex. Code Crim. Proc. Ann. art. 42.12, § 10(d) (West Supp. 1998).

 In Lemon v. State, 861 S.W.2d 249, 251 (Tex. Crim. App. 1993), the court held that
under section 10(a) probation officers are given limited authority to modify probation, but only if authorized
by the trial court and only to make changes within the programs to which the probationer is assigned. The
difficulty in the instant case is that the trial court did not grant the probation or supervision officer the
authority to modify. Nonetheless, the legislative intent is clear as to permitting modification by the
supervision officer as described.

 Condition 18 is expressly authorized in part by section 14(b) of article 42.12. If the
statutory provision for psychological counseling sessions is not broad enough to cover psychiatric
counseling, it must be remembered the trial court is not limited by the suggested statutory condition. 
Condition 18 has a reasonable relationship to the treatment of appellant and the protection of the public. 
Moreover, the costs included find support in the provisions of Article 42.12, section 11(b). Tex. Code
Crim. Proc. Ann. art. 42.12, § 11(b) (West Supp. 1998).

 Condition 18 is not well drafted, but the condition is not void so as to require its deletion
from the conditions of community supervision on the basis of appellant's complaint. Point of error one is
overruled. When this appeal becomes final and the trial court regains jurisdiction, it may want to modify
and redraft condition 18.

Second Point of Error


 In his second point of error, appellant complains of the imposition of condition 21 of
community supervision which reads: "Participate in the Travis County Battered Women's Center
Counseling program as directed by your Community Supervision Officer."

 Article 42.12, section 14(c) provides in part:


(c)  If the court grants probation to a person convicted of an offense involving family
violence, as defined by Section 71.01, Family Code, the court may require the probationer
to attend, at the direction of the probation officer, counseling sessions for the elimination
of violent behavior with a licensed counselor, social worker, or other professional who has
been trained in family violence intervention or to attend a battering intervention and
prevention program.



Tex. Code Crim. Proc. Ann. art. 42.12, § 14(c) (West Supp. 1998) (emphasis added).

 Appellant was convicted of injury to a child, her son, under section 22.04, which was an
offense involving family violence as defined by Act of March 29, 1996, 72d Leg., R.S., ch. 16, § 7.03,
1991 Tex. Gen. Laws 244, 268 (Tex. Fam. Code, § 71.01(b)(2), since amended), (4) in effect at time of
alleged offense (May 9, 1995). See Cotten v. State, 893 S.W.2d 200, 203-04 (Tex. App.--Fort Worth
1995, no pet.). Here again, appellant's complaint is that there was an unauthorized delegation of authority
by the trial court. The statutory condition above cited expressly authorizes counseling sessions "at the
direction of the probation officer," and the trial court has the independent power to fashion a reasonable
condition. Condition 21 is drawn from section 14(c) and has a reasonable relationship to the treatment of
appellant and the protection of the public. The trial court did not abuse its discretion. Point of error two
is overruled.


Limited Visitation


 In her third point of error, appellant complains of condition 25 which reads: "No visitation
or contact with Vincent Lilly the victim in this cause during the term of probation except by supervised
visitation as approved by the supervision officer." Appellant argues that the phrase "as approved by the
supervision officer" is an improper delegation of authority.

 Article 42.12, section 14(a) provides in part:


 (a) If the court grants probation to a person convicted of an offense described by Article
17.41(a) of this code, the court may require as a condition of probation that the defendant
not directly communicate with the victim of the offense or go near a residence, school, or
other location, as specifically described in the copy of terms and conditions, frequented by
the victim. In imposing the condition, the court may grant the defendant supervised access
to the victim.



Tex. Code Crim. Proc. Ann. art. 42.12, § 14(a) (West Supp. 1998).

 Injury to a child under section 22.04 is an offense described in article 17.41(a). Tex. Code
Crim. Proc. Ann. art. 17.41(a) (West Supp. 1998). Thus, the foregoing statutory condition is applicable
to the instant case. Moreover, the trial court is not limited to the statutory conditions in granting community
supervision. Fielder, 811 S.W.2d at 134. The condition is in accordance with the statutes and the right
of the trial court to impose a reasonable condition. The fly in the ointment is the phrase "as approved by
the supervision officer," which appellant claims is an unauthorized delegation of authority. Rather than
specifically setting forth certain places, times, names of individuals to supervise the visitation, or requiring
the trial judge to be personally contacted each time prior to a visitation, the condition merely leaves details
of each visitation to approval of the supervision officer. We conclude that there is no improper delegation
of authority. The trial court did not abuse its discretion. Point of error three is overruled.


Additional Fees For Court-Appointed Counsel


 The next point of error concerns the payment of fees to appellant's court-appointed
counsel. The record reflects that the trial court found appellant indigent and appointed counsel to represent
her in the instant cause which resulted in a five-day jury trial. In imposing conditions of community
supervision, the trial court imposed condition 12, which requires appellant to pay $2,500 to the district
clerk at $50 a month to reimburse the county for compensation paid to court-appointed counsel. This is
a statutorily suggested condition of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §
11(a)(11) (West Supp. 1998). Appellant makes no complaint about this condition but directs her concerns
to condition 26 of the community supervision conditions, which provides:


Defendant will pay additional court appointed attorney fees in the amount of $2,500.00
directly to her court appointed attorney payable in consecutive monthly installments of
$75.00 to be paid by the 10th day of each month with the first payment due on or before
June 10, 1997 and provide verification of such payments to the Supervision Officer.



(Emphasis added).

 Appellant contends that this latter condition doubles the amount of court-appointed
counsel's fees without a hearing and is in violation of said article 42.12, section 11(a)(11). Appellant
argues that the trial court abused its discretion. The State admits that while reimbursement to the county
for appointed counsel fees is proper, it has been unable to find any statutory authority which permits the
trial court to order additional fees paid directly to the court-appointed attorney as a condition of community
supervision. The State asserts that it will not confess error since the trial court has a wide discretion in
fashioning appropriate conditions of community supervision and is not limited by statute.

 A defendant in a felony case whom the trial court determines to be indigent shall have one
or more practicing attorneys appointed to represent him. Tex. Code Crim. Proc. Ann. art. 26.04 (West
1989). An attorney so appointed is to be reimbursed for reasonable expenses and paid a reasonable
attorney's fee. Tex. Code Crim. Proc. Ann. art. 26.05(a) (West 1989). Under this article all payments
shall be paid in accordance with a schedule of fees adopted by formal action of county and district judges
of courts having criminal jurisdiction within each county. If "a county has only one judge with criminal
jurisdiction, the schedule will be adopted by the administrative judge for that judicial district." Tex. Code
Crim. Proc. Ann. art. 26.05(b) (West 1989). "Each fee schedule adopted will include a fixed rate minimum
and maximum hourly rates, and daily rates . . . " Tex. Code Crim. Proc. Ann. art. 26.05(c) (West 1989). 
All payments made to the attorney under article 26.05 are to be paid from the general fund of the county
in which the prosecution was instituted and may be included as costs of court. Tex. Code Crim. Proc. Ann.
art. 26.05(d) (West Supp. 1998). If the trial court determines that the defendant has financial resources
to offset in part or in whole the costs of legal services, the court shall order the defendant to pay the amount
he is able to pay. See Tex. Code Crim. Proc. Ann. art. 26.05(e) (West 1989).

 We presume that the trial court followed the law and imposed community supervision
condition 12 in accordance with the local fee schedule to which article 26.05 has reference. This would
require appellant to reimburse the county for the $2,500 to be paid her court-appointed counsel. Condition
26, which would require an additional $2,500 fee paid personally to the court-appointed counsel, would
appear to be outside and beyond the fee schedule. Such condition would defeat the very purpose of having
a fee schedule or even a fixed statutory fee. It would permit a trial court to reward one attorney and deny
the same reward to other lawyers who perform the same services. Moreover, it would open the trial court
to accusations of favoritism and reflect on the integrity of the judicial system. 

 All payments ordered as a condition of community supervision must be expressly
authorized. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(b) (West Supp. 1998); Martin v. State, 874
S.W.2d 674, 677 (Tex. Crim. App. 1994); cf. Busby v. State, 951 S.W.2d 928, 931 (Tex. App.--Austin
1997, pet. granted). We hold that the trial court was not expressly authorized to order appellant to
personally pay additional fees to court-appointed counsel as required by condition 26. The judgment and
conditions of community supervision are reformed to delete condition 26. Point of error four is sustained.



Supervision In Caldwell County


 In the last point of error, appellant contends that the trial court erred in ordering her to be
supervised in Caldwell County for the term of probation. Condition 5 requires appellant to report to the
Supervision Officer weekly and this obviously has reference to the Supervision Officer of Caldwell County.

 The offense was committed in Caldwell County and appellant was tried in the 207th District
Court of that county. Article 42.12, section 10(a) provides in part that: "Only the court in which the
defendant was tried may grant community supervision, impose conditions, revoke the community
supervision, or discharge the defendant, unless the judge has transferred jurisdiction of the case to another
court with the latter's consent." Section 10(b) provides in part: "After the defendant has been placed on
community supervision, jurisdiction of the case may be transferred to a court of the same rank in this state
having geographical jurisdiction where the defendant is residing or where a violation of the conditions of
community supervision occurs." Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a), (b) (West Supp. 1998).

 Normally, a defendant is placed on community supervision in the county where the offense
occurred or the trial occurs. Appellant does not contend otherwise. She has not advanced any argument
except that to require supervision in a particular county when a defendant "may" be a permanent resident
or employed in another county violates the spirit of article 42.12. When this appeal becomes final and
appellant's community supervision commences, see Delorme v. State, 488 S.W.2d 808, 810 (Tex. Crim.
App. 1973), appellant may apply to the trial court for transfer of supervision. The fifth point of error is
overruled.

 As reformed, the judgment of conviction is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Reformed and, as Reformed, Affirmed

Filed: July 2, 1998

Do Not Publish






















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Section 22.04 was amended by Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 8, 1995 Tex.
Gen. Laws 458, 620. This amendment is not applicable to the instant offense which occurred on May 9,
1995.
2. The statutory term "community supervision," Tex. Code Crim. Proc. Ann. art. 42.12 (West
Supp. 1998), and the term "probation" are used interchangeably. See Rodriguez v. State, 939 S.W.2d
211, 220 n.12 (Tex. App.--Austin 1997, no pet.). The constitutional basis for "community supervision"
is Article IV, section 11A of the Texas Constitution which uses only the term "probation." Article 42.12
uses both "community supervision" and "probation" within its text.
3. Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 1998).
4. See Act of May 29, 1995, 74th Leg., R.S., ch. 1024, § 3, 1995 Tex. Gen. Laws 5095, 5096
(Tex. Fam. Code. § 71.01, since amended); Tex. Fam. Code Ann. § 71.004 (West Supp. 1998).



sion are reformed to delete condition 26. Point of error four is sustained.



Supervision In Caldwell County


 In the last point of error, appellant contends that the trial court erred in ordering her to be
supervised in Caldwell County for the term of probation. Condition 5 requires appellant to report to the
Supervision Officer weekly and this obviously has reference to the Supervision Officer of Caldwell County.

 The offense was committed in Caldwell County and appellant was tried in the 207th District
Court of that county. Article 42.12, section 10(a) provides in part that: "Only the court in which the
defendant was tried may grant community supervision, impose conditions, revoke the community
supervision, or discharge the defendant, unless the judge has transferred jurisdiction of the case to another
court with the latter's consent." Section 10(b) provides in part: "After the defendant has been placed on
community supervision, jurisdiction of the case may be transferred to a court of the same rank in this state
having geographical jurisdiction where the defendant is residing or where a violation of the conditions of
community supervision occurs." Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a), (b) (West Supp. 1998).

 Normally, a defendant is placed on community supervision in the cou