TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00518-CR







William Preston Haith, II, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 402207, HONORABLE DAVID PURYEAR, JUDGE PRESIDING







 This is an appeal from an order revoking community supervision or probation. (1) 
On April 14, 1995, appellant William Preston Haith, II, entered a plea of nolo contendere in a
bench trial to the offense of unlawfully carrying a weapon, to wit: a handgun, which occurred on
July 12, 1993. (2) The trial court assessed punishment for the Class A misdemeanor at 90 days in
the county jail and a fine of $1,000. The imposition of the sentence was suspended and appellant
was placed on community supervision or probation for one year subject to certain terms and
conditions, including one of community service. On May 9, 1997, the trial court revoked
community supervision on the sole basis that appellant had failed to complete 100 hours of
community service as required. Punishment was reduced to 75 days in the county jail and a fine
of $500.


Point of Error


 Appellant advances a single point of error contending that the "trial court erred in
failing to name a specific community project or organization in its original order of April 14, 1995
defining the terms and conditions of appellant's probation." In an appeal from an order revoking
community supervision or probation, the issue is whether the trial court abused its discretion. See
Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); Bennett v. State, 476 S.W.2d
281, 282 (Tex. Crim. App. 1972); Freeman v. State, 917 S.W.2d 512, 514 (Tex. App.--Fort
Worth 1996, no pet.). The real thrust of appellant's contention is that the trial court abused its
discretion in revoking community supervision based solely upon a violation of a community
service condition improperly imposed under the applicable law.


The Condition Imposed


 The probationary condition in question read: "[C]omplete 100 hours of community
service at a place approved by the court and designated by the Community Supervision and
Corrections Department." The condition imposed was in accord with the statutory law in effect
on April 14, 1995, and the current code. See Act of May 29, 1993, 73d Leg., R.S., ch. 900,
§ 4.01, 1993 Tex. Gen. Laws 3586, 3716, 3725, 3734, effective September 1, 1993, and Tex.
Code Crim. Proc. Ann. art. 42.12, § 11(a)(10), § 16 (West Supp. 1998). (3)


Appellant's Contention and Argument


 Appellant contends that the foregoing condition imposed in the trial court's
judgment and order granting community supervision was invalid because it failed to specify in the
condition itself a particular community service project or organization where appellant was to
perform his community service. He argues that the probation law in effect at the time of the
commission of the instant offense (July 12, 1993) controls and the trial court was not permitted
to forego naming a community service project or organization in the condition on community
services. He relies upon Lemon v. State, 861 S.W.2d 249, 252 (Tex. Crim. App. 1993) and
Cotten v. State, 893 S.W.2d 200, 203-04 (Tex. App.--Fort Worth 1995, no pet.).

 In Lemon, the Court of Criminal Appeals, in interpreting Article 42.12, sections
11(a)(10) and 17(a) in effect at the appropriate time, held that the trial court must name a
community service project or organization in the community service condition imposed. The
Court explained that the trial court's failure to designate or name the organization leaves the
decision to the full discretion of the probation officer, an action which constitutes an improper
delegation of its responsibility in imposing conditions of probation. See Lemon, 861 S.W.2d at
251; DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987). In Cotten, the court
followed Lemon and held that the trial court erred in failing to name a specific community service
project or organization in its original order setting forth the community service terms and
conditions of probation. Cotten, 893 S.W.2d at 204. In Cotten, the dates of both the commission
of the offense and the judgment of conviction granting probation occurred before the effective date
(September 1, 1993) of the 1993 amendment to Article 42.12. See Act of May 29, 1993, 73d
Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3725, 3734. In the instant case, the date
of the commission of the offense was before September 1, 1993, and the judgment setting forth
the probationary conditions was after that date. Cotten pointed out, however, that the 1993
amendment provided that (with one exception not here applicable) the change in the law to Article
42.12 applied only to a defendant charged with or convicted of an offense on or after the effective
date of the act, and that a defendant charged with or convicted of an offense committed before the
effective date of the article is covered by the law in effect when the offense was committed, and
that the former law is continued in effect for this purpose. See Cotten, 843 S.W.2d at 204; Ch.
900, § 4.02, 1993 Tex. Gen. Laws at 3742.

 At the time of the instant offense on July 12, 1993, article 42.12, section 11(a)(10)
of the Texas Code of Criminal Procedure provided in part: "(a) Terms and conditions of probation
may include, but shall not be limited to, the conditions that the probation shall: . . .
(10) Participate for a time specified by the court in any community based program, including a
community-service work program designated by the court." (emphasis added). See Act of May
26, 1991, 72d Leg., R.S., ch. 572, § 3, 1991 Tex. Gen. Laws 2029, 2030-31. Section 17(a) of
article 42.12 in effect on July 12, 1993, provided in relevant part:  "(a)  If the court places a
defendant on probation, the court may require, as a condition of probation that the defendant work
a specific number of hours at a community service project or projects for an organization or
organizations named in the court's order . . . ." See Act of June 7, 1990, 71st Leg., R.S., 6th
C.S., ch. 25, § 9, 1990 Tex. Gen. Laws 108, 110, Sixth Called Session (emphasis added).

 The community service condition imposed on appellant was not in accord with the
law in effect at the time of the commission of the instant offense of unlawfully carrying a weapon. 
Article 42.12 is an "amendment-abused" statute and it is difficult for judges and others to keep
abreast of the frequent legislative changes and of the temporary retention of former laws found
only in the historical and statutory notes following a codified statute. Nevertheless, appellant
urges that revocation cannot be based solely on a condition of community supervision invalid
under applicable law. It is argued that this is particularly true where the court abdicates its
responsibility under that law to name the community service project for an organization in the
court's order. We agree.


Another Matter


 There is another matter to consider. Even if it could be said that the community
service condition were validly imposed on appellant, the question is raised whether the State
sustained its burden of proof on revocation.

 At the revocation hearing on May 9, 1997, based on the revocation motion of
March 11, 1996, the sole witness for the State was Fannie Akingbala. She identified herself as
"a probation officer of Travis County." Akingbala had not supervised appellant but explained that 
his supervision had been in Harris County. In February 1996, she had received appellant's file
"back" from Harris County and observed that he had not completed any community service hours. 
According to "our policy" and "guidelines," Akingbala explained that all special conditions are
to be completed sixty days prior to discharge and that if such criteria are not met, a field officer
files a violation report. She filed a violation report because appellant's community supervision
was to be discharged on April 14, 1996. Her direct examination made no reference to a
designated and an approved community service project or organization.

 On cross-examination, Akingbala acknowledged that the conditions imposed on
appellant did not reflect a requirement that the community service hours be completed sixty days
prior to discharge. She also admitted that a request for transfer of supervision to Harris County
had not been made until June 21, 1995, some two months and seven days after the judgment
granting the one-year community supervision had been rendered.

 During the cross-examination of Akingbala as to matters contained in appellant's
file, a bench conference ensued. Thereafter, the procedure became somewhat convoluted. 
Appellant's counsel announced that, subject to the State's objection, he had been permitted to state
for the record what he wanted to prove from the probation officer's file. During this procedure
appellant's counsel called himself as a witness, introduced exhibits, and advanced legal arguments. 
No objection was offered. From this record we learn that Harris County did not accept
supervision of appellant until November 28 or December 11, 1993; that on January 17, 1996, a
request by Travis County was made of Harris County for a status report on appellant's community
service hours; that it was not until sometime in January 1996 that appellant was assigned to a
facility (4) to perform his community service hours; that in fact it was not until March 18, 1996, that
appellant was assigned a facility (Citizens for Animal Protection) in Harris County where he could
perform his community service hours; that on April 16, 1996, Harris County "closed its interest"
in appellant and returned the file to Travis County. No re-direct examination occurred.

 Appellant simply testified that he was trying to turn his life around and presented
a plan to complete his community service hours at the Citizens For Animal Protection organization
in Harris County. He was not cross-examined. No rebuttal evidence was offered. Thereafter,
the trial court revoked community supervision based solely upon the failure to complete 100 hours
of community service.

 If the place where appellant was to perform his community service hours was ever
designated, it is not clear that it was timely designated with due notice to appellant in order that
he might have completed his 100 hours of community service. Moreover, the State made no effort
to show that the place designated, if any and by whom, was approved by the trial court as required
by the condition imposed.

 On appeal, the evidence is viewed in the light most favorable to the trial court's
ruling revoking community supervision. See Ortega v. State, 860 S.W.2d 561, 564 (Tex.
App.--Austin 1993, no pet.) However, the trial court is not accorded absolute discretion in
revoking community supervision. See Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App.
1980). The burden of proof is on the State by a preponderance of the evidence. Jenkins v. State,
740 S.W.2d 435, 437 (Tex. Crim. App. 1983). When the State does not meet its burden of proof
by showing a violation of a condition of community supervision as alleged, the trial court abuses
its discretion by revoking community supervision, and deprives the defendant of due process. See
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Whitney v. State, 472 S.W.2d
524, 526 (Tex. Crim. App. 1971); Ortega, 860 S.W.2d at 564.


The State's Novel Contention


 The State, nonetheless, raises a novel contention based on section 12.45 of the
Penal Code. Tex. Penal Code Ann. § 12.45 (West 1994). (5) The State calls attention to the fact
that on the day appellant entered his plea of nolo contendere to the offense charged, appellant filed
a section 12.45 motion asking the trial court to take into consideration, in assessing punishment
in the instant case, the unadjudicated offense of unlawfully carrying a weapon in cause no. 434594
pending in the same court. The motion was granted. Other than the motion, there is nothing in
the record to show that cause no. 434594, the unadjudicated offense, was taken into account in
granting community supervision in the instant case. The instant judgment of conviction makes no
mention of cause no. 434594, and it would be difficult to say that cause no. 434594 was a part of
the instant judgment so as to bar further prosecution in cause no. 434594. The State urges that
this "appeal involves two criminal offenses" although the notice of appeal refers only to the instant
case. It is the State's position that since appellant's article 12.45 motion was granted any error
in the trial court's failure to properly designate the project or organization in the community
service condition was invited. Hill v. State, 913 S.W.2d 581, 586 (Tex. Crim. App. 1991), is
cited, but we do not find it on point. We find no invited error under the circumstances.


Conclusion


 We conclude from the legislative mandate in its 1993 amendment to Article 42.12
that the community service condition imposed on appellant should have been in accordance with
the law at the time of the commission of the offense on July 12, 1993, and that the condition
actually imposed was invalid as earlier explained. If the community service condition imposed
was valid, the State failed to sustain its burden of proving the violation. Under either
circumstance, the trial court abused its discretion in revoking community supervision solely on the
basis of the community service condition.

 The order revoking community supervision is reversed and the cause is remanded
to the trial court.



 

 John F. Onion, Jr., Justice

Before Chief Justice Yeakel, Justices B. A. Smith and Onion*

Reversed and Remanded

Filed: September 17, 1998

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The statutory term "community supervision," Tex. Code Crim. Proc. Ann. art. 42.12
(West Supp. 1998), and the term "probation" are used interchangeably. See Rodriguez v. State,
939 S.W.2d 211, 220 n.12 (Tex. App.--Austin 1997, no pet.). Article 42.12 uses both
"community supervision" and "probation" within its text. See Act of May 29, 1993, 73d Leg.,
R.S., ch. 900, § 4.04, 1993 Tex. Gen. Laws 3586, 3743 purports to change "probation" to mean
"community supervision." The constitutional basis for "community supervision" is article IV,
section 11A of the Texas Constitution which uses only the term "probation." This authority
represents a limited grant of clemency to the courts by the people. See McNew v. State, 608
S.W.2d 166, 170 (Tex. Crim. App. 1978).
2. For the law applicable to the instant case, see Act of May 24, 1973, 63d Leg., R.S., ch.
399, § 1, 1973 Tex. Gen. Laws 883, 963 (Tex. Penal Code § 46.02, since amended). The current
version of the statute is Tex. Penal Code Ann. § 46.02(a) (West Supp. 1998). The provisions of
section 46.02(a) have remained the same since the effective date of the 1973 amendment.
3. Article 42.12, § 11(a)(10) provides:


(a) Conditions of community supervision may include, but shall not be limited
to the conditions that the defendant shall:


. . .


 (10)  Participate, for a time specified by the judge in any community-based
program, including a community-service work program under Section 16
of this article.


 Article 42.12, § 16(a) in relevant part provides:


(a)  A judge shall require as a condition of community supervision that the
defendant work a specific number of hours at a community service project or
projects for an organization or organizations approved by the judge and
designated by the department unless . . ." (Emphasis added).


4. The facility mentioned was not named or its location given. Whether notice of the
assignment of a facility was accorded appellant is not shown.
5. Section 12.45 provides:


 (a)  A person may, with the consent of the attorney for the state, admit during
the sentencing hearing his guilt of one or more unadjudicated offenses and
request the court to take each into account in determining sentence for the
offense or offenses of which he stands adjudged guilty.


 (b)  Before a court may take into account an admitted offense over which
exclusive venue lies in another county or district, the court must obtain
permission from the prosecuting attorney with jurisdiction over the offense.


 (c)  If a court lawfully takes into account an admitted offense, prosecution is
barred for that offense.



mily: CG Times Regular"> The order revoking community supervision is reversed and the cause is remanded
to the trial court.



 

 John F. Onion, Jr., Justice

Before Chief Justice Yeakel, Justices B. A. Smith and Onion*

Reversed and Remanded

Filed: September 17, 1998

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The statutory term "community supervision," Tex. Code Crim. Proc. Ann. art. 42.12
(West Supp. 1998), and the term "probation" are used interchangeably. See Rodriguez v. State,
939 S.W.2d 211, 220 n.12 (Tex. App.--Austin 1997, no pet.). Article 42.12 uses both
"community supervision" and "probation" within its text. See Act of May 29, 1993, 73d Leg.,
R.S., ch. 900, § 4.04, 1993 Tex. Gen. Laws 3586, 3743 purports to change "probation" to mean
"community supervision." The constitutional basis for "community supervision" is article IV,
section 11A of the Texas Constitution which uses only the term "probation." This authority
represents a limited grant of clemency to the courts by the people. See McNew v. State, 608
S.W.2d 166, 170 (Tex. Crim. App. 1978).
2. For the law applicable to the instant case, see Act of May 24, 1973, 63d Leg., R.S., ch.
399, § 1, 1973 Tex. Gen. Laws 883, 963 (Tex. Penal Code § 46.02, since amended). The current
version of the statute is Tex. Penal Code Ann. § 46.02(a) (West Supp