# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-00-00128-CR

**Terry Strange, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 98-972-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

Appellant's pro se motion for rehearing is granted. Our opinion and judgment dated January 11, 2001, are withdrawn.

A jury found appellant Terry Strange guilty of the unauthorized use of a vehicle. *See* Tex. Penal Code Ann. § 31.07 (West 1994). The jury assessed punishment, enhanced by previous felony convictions, at imprisonment for twenty years and a $1500 fine.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*,

573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate record and to file a pro se brief. Although appellant did not file a pro se brief, his motion for rehearing contains two points of error complaining of ineffective assistance of counsel at trial and on appeal.

Appellant urges that his trial counsel was ineffective because he did not request an instruction on the mistake of fact defense. *See Green v. State*, 899 S.W.2d 245, 248 (Tex. App.—San Antonio 1995, no pet.) (citing *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992)); Tex. Penal Code Ann. § 8.02 (West 1994). A careful reading of the record, however, shows that this issue was not raised. It was agreed by all witnesses, including appellant, that David Boringer allowed appellant and Deborah DeLario to drive his Dodge Colt after appellant's Subaru broke down; that appellant and Boringer discussed appellant's purchase of the Colt; that appellant gave the title to his Subaru to Boringer pending payment of the agreed purchase price; that appellant never paid for the Colt; that DeLario later purchased the Colt from Boringer; that Boringer gave DeLario title to the Colt; that DeLario had possession of the Colt; that appellant knew Boringer had sold the Colt to DeLario; and that appellant took the Colt without DeLario's permission. Appellant's asserted belief that he did not have to have DeLario's permission because "it was just as much my car as it was hers" was not a mistake of fact that negated the culpability required for the offense. Pro se point of error two is overruled.

Appellant contends his attorney on appeal was ineffective because he did not assert the ineffectiveness of trial counsel in his brief on appeal, but instead filed a frivolous appeal brief. Because there is no basis for the assertion that trial counsel was ineffective, this contention fails. Pro se point of error one is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed:   April 5, 2001

Do Not Publish

3