Opinion issued May 20, 2004 













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00281-CR
____________


STEVEN EUGENE HOLMES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 9 
Harris County, Texas
Trial Court Cause No. 1138426




MEMORANDUM OPINION
            A jury found appellant, Steven Eugene Holmes, guilty of misdemeanor assault. 
See Tex. Pen. Code Ann. § 22.01(a), (b) (Vernon Supp. 2004). The trial court
assessed appellant’s punishment at a $2,000 fine and one year in jail, but suspended
the jail time and placed appellant on community supervision for two years. We
determine whether (1) the trial court erred by accepting the State’s racially neutral
reasons for peremptorily striking two prospective jurors, (2) the evidence was legally
and factually sufficient to prove that appellant committed assault, and (3) appellant
received ineffective assistance of counsel at the guilt/innocence stage of trial. We
affirm.
Background
          The complainant, Ignacio Magana, was driving on Loop 610 at approximately
2:00 a.m. on October 5, 2002, when he was involved in a minor accident with a car
driven by Willie Hayes. Appellant was a passenger in Hayes’s car. After the
accident, the complainant continued driving, and Hayes followed him. The
complainant eventually exited the loop into a residential area, with Hayes following
closely behind him, honking his horn and flashing his headlights. The complainant
got scared and pulled into a driveway. Hayes parked his car directly behind the
complainant’s car in the driveway, so that the complainant could not drive away. The
complainant rolled down his window, and Hayes and appellant approached him. 
Hayes then proceeded to punch the complainant’s face.
 
          While Hayes and appellant were following the complainant, Richard Valle, a
tow-truck driver, had noticed the two cars speeding past him, and he followed them. 
Valle eventually found the two cars, parked his truck a short distance away from the
driveway where they had stopped, and observed Hayes yelling with his arm inside the
complainant’s car window. Appellant approached Valle’s truck and stated that Valle
should not call the police and should “go about [his] business.”
          Soon after Valle left the scene, a police officer and an ambulance arrived. 
After observing the injuries to the complainant’s face and talking to the complainant,
Hayes, appellant, and Valle (who had returned when he heard that the police were on
the way to the scene), the officer arrested both Hayes and appellant. 
Batson Motion
          In his fourth point of error, appellant asserts that the trial court erred by
accepting the State’s racially neutral reasons for peremptorily striking prospective
jurors two and seven.
          The State may not exercise peremptory challenges in a racially discriminatory
manner. Batson v. Kentucky, 476 U.S. 79, 86, 106 S. Ct. 1712, 1717 (1986); Tex.
Code Crim. P. Ann. art. 35.261(a) (Vernon 1989). To assert a Batson challenge, the
defendant must establish a prima facie case of purposeful discrimination. Harris v.
State, 827 S.W.2d 949, 955 (Tex. Crim. App. 1992). Once the State gives non-discriminatory reasons for the strike, the burden shifts back to the defendant to refute
the explanation or to prove that the explanation is a pretext for discrimination. 
Salazar v. State, 795 S.W.2d 187, 192 (Tex. Crim. App. 1990). The burden of
persuasion remains with the defendant at all times. Ford v. State, 1 S.W.3d 691, 693
(Tex. Crim. App. 1999). The trial court’s ruling must not be disturbed unless it is
clearly erroneous. Harris, 827 S.W.2d at 955.
          In making his Batson motion, appellant alleged that two prospective jurors
were struck because they were black. Both appellant and his co-defendant were
black, and the jury was comprised only of white persons. State’s counsel explained
that he struck prospective juror number seven because he had a prior assault
conviction. Another prospective juror, who apparently was not black, had also been
struck because of a prior assault conviction. A prior conviction constitutes a race-neutral reason for a peremptory challenge. Keeton v. State, 749 S.W.2d 861, 870
(Tex. Crim. App. 1988). Because the State offered a non-discriminatory reason for
the strike, the burden shifted back to appellant to refute the State’s explanation. 
Appellant failed to rebut the State’s explanation in any way; therefore, the trial court
did not err by concluding that appellant did not meet his burden to prove that the
strike was racially discriminatory with respect to prospective juror number seven.
 
          State’s counsel explained that he “struck No. 2 because if you guys were
watching, I don’t think he is real bright. He [didn’t] answer any of the questions. He
looked over to Juror No. 3 and asked him for an answer to the question. I don’t think
he will be able to follow the law.” Whether a prospective juror is sufficiently
intelligent to serve as a juror for a particular case is a subjective evaluation on the part
of the party exercising the strike and applies to all prospective jurors. Holt v. State,
912 S.W.2d 294, 299 (Tex. App.—San Antonio 1995, pet. ref’d). Here, the
prospective juror apparently had difficulty answering the prosecutor’s questions. 
Appellant’s only rebuttal to the State’s explanation was that the prospective juror was
a teacher’s aid. The trial court indicated that, “based on what [the trial court]
observed,” it believed the strike was racially neutral. Because of the clues that voice
inflection, expression, and appearance provide, great deference must be given to the
trial court’s impressions in this area. Id. It was appellant’s burden to persuade the
trial court, by a preponderance of the evidence, that the allegations of purposeful
discrimination were in fact true and that the prosecutor’s reasons were merely a sham
or pretext. See Straughter v. State, 801 S.W.2d 607, 613 (Tex. App.—Houston [1st
Dist.] 1990, no pet.). The trial court did not err by concluding that appellant did not
meet this burden by merely pointing out that the prospective juror was a teacher’s aid.
 
          Accordingly, we hold that the trial court’s ruling, that the State’s peremptory
strikes as to prospective jurors two and seven were racially neutral, was not clearly
erroneous.
          We overrule appellant’s fourth point of error. 
Legal Sufficiency
          In his first point of error, appellant contends that the evidence was insufficient,
as a matter of law, to prove that he struck the complainant with his hand.
          The standard of review for legal sufficiency requires us to view the evidence
in the light most favorable to the verdict and to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). This standard
“gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic facts
to ultimate facts.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979).
          According to the law of parties, upon which the jury was instructed, a person
is criminally responsible for the conduct of another if “acting with intent to promote
or assist the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense.” Tex. Pen. Code Ann. §
7.02(a)(2) (Vernon 2003). Therefore, it was unnecessary for the State to provide
proof that appellant actually struck the complainant himself, as long as there was
proof that appellant intended to assist the actor by, among other things, encouraging
or aiding the criminal act.
          Appellant argues that the State provided no evidence that appellant
“encouraged or acted with any other party to strike the complainant.” The
complainant testified that he remembered that Hayes struck him and that, after that,
he got scared and could not remember if appellant struck him. There were no
witnesses to any actual physical contact among appellant, Hayes, or the complainant. 
However, Valle testified that, when he pulled up in his truck one house down from
the driveway where the two cars had stopped, he observed Hayes yelling, screaming,
and putting his arm inside the driver’s side window of the complainant’s car. Valle
testified that appellant then approached Valle’s truck and asked him if he had a
problem. Valle further testified that he asked appellant if he needed Valle to call the
police, to which appellant responded, “No, you need to go about your business.”
          The State also provided testimony from a police officer, who arrived on the
scene a few minutes after Valle left, that the complainant’s face was swollen and that
his injuries did not appear to be caused by a car accident. The officer testified that
appellant had called the police and had said that “if the police didn’t arrive there he
was going to beat somebody up.” 
          Viewed in the light most favorable to the conviction, we hold that a rational
trier of fact could have found that Hayes struck the complainant and that appellant
intended to aid Hayes in the assault by telling Valle that he should go about his
business and not call the police. As a result, the evidence was legally sufficient to
support appellant’s conviction for assault.
          We overrule appellant’s first point of error. Factual Sufficiency
          In his second point of error, appellant contends that the evidence was factually
insufficient to support his conviction.
          In reviewing the evidence on factual sufficiency grounds, all of the evidence
as a whole must be reviewed neutrally, not in the light most favorable to the
prosecution. Johnson v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). The Court
of Criminal Appeals has recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all the evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, slip op. at 8 (Tex. Crim. App. Apr. 21, 2004) (footnote
omitted). In a factual-sufficiency review, the appellate court should not substitute its
own judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996).
          As stated with regard to appellant’s first point of error, it was not necessary for
the State to prove that appellant actually struck the complainant, as long as there was
sufficient proof to show that appellant was criminally responsible for the conduct of
someone else who struck the complainant. See Tex. Pen. Code Ann. § 7.02(a). In 
support of his factual-insufficiency claim, appellant argues that the State provided no
testimony to show that appellant encouraged an assault.
          The testimony of the complainant, the police officer, and Valle showed that
appellant was present during the assault. Furthermore, Valle’s testimony showed that
appellant wanted Valle to mind his own business and not to call the police while
Hayes had his arm inside the complainant’s car window and was yelling at the
complainant. The evidence and testimony also showed that the complainant’s face
was swollen and bruised immediately after his encounter with Hayes and appellant.
          Appellant testified that neither he nor Hayes ever struck the complainant and
that, when appellant approached the complainant’s car in the driveway, the
complainant was already bloody. Appellant testified that he had called the police to
report that the complainant had fled the scene of the accident after having run into
Hayes’s car and that appellant never asked Valle to call the police because appellant
was on the phone with police when Valle arrived. It is the jury’s job to reconcile
conflicts in the evidence. Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App.
1995). The jury is entitled to judge the credibility of the witnesses and may choose
to believe all, some, or none of any witness’s testimony. Gowans v. State, 995
S.W.2d 787, 789 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). The jury
obviously chose to believe the State’s witnesses and to disbelieve appellant. The
evidence that appellant acted with the intent at least to aid Hayes in assaulting the
complainant was factually sufficient to support the jury’s determination of guilt.
          We overrule appellant’s second point of error.
  Ineffective Assistance of Counsel
          In his third point of error, appellant contends that his trial counsel was
ineffective under the United States and Texas Constitutions for failing to object to the
State’s question to appellant concerning appellant’s prior arrest for assault. See U.S.
Const. amend. VI, XIV; Tex. Const. art. I, § 10.
A.      State Constitution
          Appellant did not brief his ineffective assistance challenges separately for the
State Constitution and Federal Constitution. To brief his challenges grounded on the
State Constitution sufficiently, appellant had to provide separate supporting
arguments for his state constitutional claims or to argue that the State Constitution
offered him more protection than the Federal Constitution. See Brown v. State, 943
S.W.2d 35, 36 n.3 (Tex. Crim. App. 1997); Garcia v. State, 919 S.W.2d 370, 388-89
(Tex. Crim. App. 1996). Appellant failed to do so; therefore, we do not address the
merits of his state constitutional ineffective-assistance argument.
B.      Federal Constitution
          To establish ineffective assistance of counsel, appellant must show that (1)
counsel’s performance was so deficient that he or she was not functioning as
acceptable counsel under the Sixth Amendment and (2) but for counsel’s error, the
result of the proceeding would have been different. See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Gamble v. State, 916 S.W.2d 92,
93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). A defendant is not entitled to
errorless counsel. See Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991). 
 
          Assertions of ineffective assistance of counsel must be firmly founded in the 
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Appellant “must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy.” Gamble, 916 S.W.2d at 93. In the absence of
contrary evidence in the record, we must generally presume that appellant’s trial
counsel had a plausible reason for his actions. Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999). In determining whether counsel was ineffective, we view
the totality of the circumstances of the particular case. Id. at 813.
          During appellant’s testimony, the State asked appellant if he had been charged
with assault before and then asked if he had been arrested for assault. Appellant
answered, “I sure was.” Appellant asserts that his counsel was ineffective because
he did not object to the State’s questions. 
          Because appellant did not file a motion for new trial, there is no evidence in the
record as to why appellant’s trial counsel did not object to the State’s question
regarding appellant’s prior arrest for assault. Consequently, we presume that counsel
had a plausible reason for doing so. See Safari v. State, 961 S.W.2d 437, 445 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (holding that, when there was no motion
for new trial filed, court would not speculate on whether counsel was ineffective in
failure to object to evidence of extraneous offenses offered at trial).
          Relying on Green v. State, 899 S.W.2d 245, 247-48 (Tex. App.—San Antonio
1995, no pet.), appellant asserts that his counsel’s error was so clearly prejudicial that
there could not possibly be a strategic reason for counsel’s decision. However, in
Green, the court found that there were multiple, serious instances of ineffective
assistance of counsel. Id. at 248. In the present case, appellant points to only one
instance when appellant’s counsel failed to object. An isolated failure to object to
evidence, even if it is improper evidence, generally does not constitute ineffective
assistance of counsel. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).
          Given the lack of evidence in the record as to counsel’s reasons for failing to
object, and given the nature of the alleged error, appellant has failed to overcome the
presumption that counsel’s actions were part of a sound trial strategy. See Gamble,
916 S.W.2d at 93. Accordingly, we hold that appellant’s counsel was not ineffective
for failing to object to the State’s questions regarding appellant’s prior arrest for
assault.
          We overrule appellant’s third point of error.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
      Tim Taft
                                                                         Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).