Opinion issued
May 3, 2012



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-11-00091-CR

———————————

JORGE GUERRERO, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On Appeal from the 228th
District Court

Harris County, Texas



Trial Court Case No. 1235066

 



 

 

 

 

 

 

MEMORANDUM
OPINION

          A
jury found appellant, Jorge Guerrero, guilty of the third-degree felony offense
of theft of property valued at $20,000 or more, but less than $100,000.[1]  The jury assessed appellant’s punishment at
three years in prison.  In one issue, appellant
contends that he received ineffective assistance of counsel at trial.

          We
affirm.

Background Summary

          In
late 2007, R. Swain was provided a 2008 Ford F250 truck by his employer.  The truck cost $54,000.  On September 21, 2009, the truck was stolen
from Swain’s place of employment.  He
reported the theft to police.  

          Eight
days later, neighbors of a house on Des Jardines
Street called the police to report suspicious loud noises occurring both night
and day at the house.  Deputy Constable F.
Gallegos with Precinct Six was dispatched to investigate.  When he arrived at the house, Deputy Gallegos
heard the sound of electrical tools and cutting coming from the back end of the
driveway.  The officer walked to the back
of the house and saw car parts all over the backyard.  Deputy Gallegos also saw two men in the
backyard.  One man was holding the frame
of a vehicle and the other man was cutting it. 
One of the men was appellant.  Deputy
Gallegos located the vehicle identification number (VIN) on the frame being cut
and checked the number in his computer system. 
The officer learned that the cut frame was from Swain’s 2008 truck,
which had been reported as stolen.  

          Deputy
Gallegos detained appellant and two other men at the scene.  The deputy contacted the auto theft division
of the Houston Police Department to further investigate.  

          Sergeant
M. Hewitt of the Houston Police Department and several other HPD officers went
to the scene to investigate.  The
officers located a 2005 Ford King Ranch truck parked in front of the
house.  Its driver’s door was open.  The officers saw exposed wires dangling down
from the dashboard to the floor of the truck. 
The officers determined that the license plates on the 2005 truck were
fictitious.  Appellant claimed to be the
owner of the 2005 truck.  

          In
the garage and in the back of the house, the officers located many different
truck parts.  The officers also found Swain’s
2008 truck being disassembled in the backyard. 
No one at the scene claimed ownership of Swain’s truck.  They also determined that the 2005 truck in
front of the house had been fitted with parts from Swain’s 2008 truck.  The officers did not find or receive any keys
to either truck at the scene.  

          The
police impounded the 2005 truck for further investigation.  Officer C. Gerlich,
with the HPD auto theft division, was assigned to the case.  He learned that the 2005 truck had been
purchased at auction as a salvaged vehicle by an auto dealer, who had purchased
the truck for appellant.  

          Appellant
was indicted for the theft of Swain’s truck. 
The indictment provided in relevant part, as follows:

JORGE G. GUERRERO, . . . on or about SEPTEMBER 29, 2009, .
. . unlawfully, appropriate[d] by acquiring and exercising control over
property, namely, A MOTOR VEHICLE, owned by [R.] SWAIN, . . .
of the value of over twenty thousand dollars and under one hundred thousand
dollars, with the intent to deprive [Swain] of the property.

 

          The case was tried to a jury.  The
State presented the testimony of Swain and investigating police officers.  

          Appellant
testified during the guilt-innocence phase of trial.  He stated that, in the past, he had purchased
salvaged vehicles, repaired them, and sold them for a profit.  Appellant testified that in July 2009, he
bought a 2005 Ford F350 truck from Hector Lopez, a car dealer, who had
purchased the truck at auction.[2]  The truck was missing the rear tail light,
the front clip, the interior door panels and all of the seats and center
consoles.  

          Appellant
testified that in September 2009 an acquaintance, J. Regalado,
contacted him about purchasing a salvaged truck.  Regalado knew that appellant
had recently purchased 2005 truck needing repair.  Regalado offered to
sell the salvaged truck to appellant to use for parts. 

          Guerrero
agreed to pay Regalado $8,000 for the salvaged truck.  Appellant testified that he gave Regalado a $2,000 down payment.  In return, Regalado
gave appellant the keys to the truck and left the truck with appellant.  The truck that appellant claimed to have
purchased from Regalado was Swain’s 2008 truck.  Appellant acknowledged that he never received
the title to the truck.  He stated that he
anticipated receiving title from Regalado once he
paid the $6,000 balance.  Appellant
testified that he had no reason to believe that the truck was stolen.  

          Appellant
stated that he intended to use parts from the 2008 truck to repair the 2005
truck he had recently purchased from Lopez. 
Appellant testified that he believed the salvage title for the 2008 truck
legally precluded him from doing anything with the truck except selling it for
parts.  He planned to use some the
truck’s parts to repair his 2005 truck and then sell other parts from the 2008 truck
to pay off the $6,000 he owed Regalado.

          At trial,
appellant produced a copy of the bill of sale and a copy of Regalado’s driver’s license.  Appellant acknowledged that the bill of sale
was dated October 27, 2009, a month after he claimed to have purchased the 2008
truck.  Appellant stated that he did not
ask for a bill of sale at the time he purchased the truck “because [Regalado] left the truck there at my house where it was
parked.” 

          Appellant explained
that he obtained the bill of sale after he got out of jail in October.  At that time, appellant searched for Regalado.  Once he
found him, appellant obtained the bill of sale from Regalado
to show that the purchase of the 2008 truck was legitimate.  

          After
appellant’s testimony, the State called Officer Gerlich
and Deputy Gallegos as rebuttal witnesses.  Appellant had testified that he gave the keys
to the 2005 truck and the 2008 truck to Deputy Gallegos.  However, the deputy testified that appellant
had not given him any keys.  Appellant
also testified that he had not noticed any damage to the 2008 truck, including
the locking mechanisms on the doors. 
Officer Gerlich testified that before trial,
he had examined the doors and found that the locking mechanism on the doors had
been damaged by a prying instrument.

          During his closing
statement, defense counsel argued that the State’s evidence did not show that
appellant had reason to know the truck was stolen.  Defense counsel asserted that it was
reasonable to believe appellant’s story regarding how he acquired Swain’s
truck.  Appellant’s defense was that he
believed that the truck was a salvaged vehicle that Regalado
had purchased at auction and then sold to appellant.  

          The State
argued that appellant’s story regarding how he acquired the truck was not
plausible.  The State asserted in its
closing statement that appellant knew that the truck was stolen.  

          Among its
instructions, the jury charge contained the following: “Our law provides that a
person commits the offense of theft if he unlawfully appropriates property with
intent to deprive the owner of property.” 
The charge informed the jury, “A person acts intentionally, or with intent,
with respect to the nature of his conduct or to a result of his conduct when it
is his conscious objective or desire to engage in the conduct or cause the
result.”  

          The application
paragraph instructed the jury as follows:

Now, if you find from the evidence beyond a reasonable
doubt that on or about the 29th day of September, 2009, in Harris County,
Texas, the defendant, Jorge G. Guerrero, did then and there unlawfully,
appropriate by acquiring or exercising control over property, namely, a motor vehicle,
owned by [R.] Swain, of the value of over twenty thousand
dollars and under one hundred thousand dollars, with the intent to deprive [R.]
Swain of the property, then you will find the defendant guilty of theft of
property of the value of over twenty thousand dollars and under one hundred
thousand dollars, as charged in the indictment.

 

          The
jury found appellant guilty as charged in the indictment and assessed his
punishment at three years in prison.  Appellant
did not file a motion for new trial.  This
appeal followed.

          Appellant raises one issue
on appeal.  He contends that he received
ineffective assistance of counsel at trial because his defense attorney did not
request the trial court to include an instruction in the charge on the defense
of mistake of fact; thus, he contends that the jury did not consider that
defense.  

Ineffective Assistance of
Counsel

To prevail on a claim of
ineffective assistance of counsel, an appellant must show the following: (1)
counsel’s performance fell below an objective standard of reasonableness and
(2) a reasonable probability exists that, but for counsel’s errors, the result
would have been different.  See Strickland v. Washington, 466 U.S.
668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).  The first Strickland
component requires appellant to overcome the strong presumption that counsel’s
performance falls within a wide range of reasonable professional
assistance.  See Andrews, 159 S.W.3d at 101.

The second Strickland component requires appellant to show that there is a
reasonable probability that, but for counsel’s errors, the result of the
proceeding would have been different.  See id. at 102.
 A “reasonable probability” is a
probability sufficient to undermine confidence in the outcome.  See id.
 

Appellant has the burden to
establish both components by a preponderance of the evidence.  See
Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998).  A failure to show either (1) deficient
performance or (2) sufficient prejudice defeats the ineffectiveness claim.  See
Williams v. State, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); Carballo v. State, 303 S.W.3d 742, 750 (Tex.
App.—Houston [1st Dist.] 2009, pet. ref’d).  If an appellant fails to prove the second
“prejudice” component, we need not address whether counsel’s performance was
deficient.  Carballo, 303 S.W.3d at 750–51 (citing Boyd v. State, 811 S.W.2d 105, 109 (Tex.
Crim. App. 1991)).

Here, appellant has not satisfied
the second Strickland component.  More precisely, appellant has not shown that
there is a reasonable probability that the result of the guilt-innocence
proceeding would have been different had the jury been instructed on the
defense of mistake of fact.  

          The defense
of mistake of fact is codified in Section 8.02(a) of the Penal Code, which
provides that it is a defense to prosecution if the actor, through a mistake,
formed a reasonable belief about a matter of fact that negates the kind of
culpability required for commission of the offense.  See Tex. Penal Code Ann. § 8.02(a) (Vernon 2011).  Specifically, appellant contends that he was
entitled to an instruction regarding his mistaken belief that his purchase of
the truck was legitimate because he believed that Regalado
possessed legal title to the vehicle.  

          The
jury was instructed that, to find appellant guilty of theft, it must find that
he possessed the truck “with intent” to deprive the owner, Swain, of the
truck.  The charge defined what is
required to show that a defendant acted “with intent” or “intentionally.”  

          As his
sole defense, appellant claimed he had purchased the truck from Regaldo with no knowledge that it was stolen.  Appellant expressly testified that he did not
know that the truck was stolen.   He claimed to have purchased the vehicle under
the impression that Regalado had legal title
and would pass title to him.  

          Appellant
argues that, due to his counsel’s failure to request a mistake of fact instruction,
the jury was left with no basis to find a mistake of fact negating the culpable
mental state required for the offense.  However, the charge instructed the jury to find
appellant guilty only if it found beyond a reasonable doubt that appellant possessed
the vehicle with the intent to commit theft; that is, with the intent to
deprive Swain of the property.  See Tex.
Penal Code Ann. §
31.03(a) (Vernon Supp. 2011).

          Given
the charge, the jury necessarily had to determine whether it believed appellant’s
testimony about his mistaken belief to reach a verdict.  When it found him guilty of theft, the jury
chose not to believe appellant’s assertion that he had no knowledge that the
truck was stolen and implicitly rejected his claim that he purchased the truck under
the circumstances he described at trial. 
The jury had to consider his mistake of fact defense before finding him
guilty of the offense of theft.  Had it believed
appellant’s testimony regarding the circumstance of his claimed purchase of the
truck, the jury could not have found—as it necessarily did—that appellant possessed the truck with the intent
to deprive the owner, Swain, of the property. 
The jury could not have believed appellant’s testimony and also have
found him guilty under the charge as given. 
In short, counsel’s failure to request a mistake of fact instruction did
not allow the jury to convict appellant without considering his mistake of fact
defense.  There is not a reasonable
probability that including a mistake of fact instruction in the charge would
have changed the outcome in this case.  See Bruno v. State, 845 S.W.2d 910, 913
(Tex. Crim. App. 1993) (stating that jury would have been required to
disbelieve appellant’s story before it could find sufficient evidence to
convict, thus the instruction need not have been given); Sands v. State, 64 S.W.3d 488, 496 (Tex. App.—Texarkana 2001, no pet.) (holding that,
although mistake of fact instruction should have been given, failure to submit
requested instruction was not harmful because jury was “squarely” presented
with defense of mistake); Traylor v.
State, 43 S.W.3d 725, 730–31 (Tex. App.—Beaumont 2001, no pet.) (concluding that mistake of fact
instruction was not required because, had the jury believed defendant’s story,
it could not have convicted him under charge given); see also Hopson v. State, No. 14–08–00735–CR, 2009 WL 1124389, at
*3–5 (Tex. App.—Houston
[14th Dist.] Apr. 28, 2009, no pet.) (mem. op., not designated for publication) (holding mistake
of fact instruction not necessary in burglary case because “to convict [appellant]
of that offense, the State was already required to prove beyond a reasonable
doubt that appellant entered the house, without the effective consent of the
owners, with the intent to commit theft”);
Turner v. State, No. 04–03–00436–CR, 2004
WL 1881748, at *7 (Tex. App.—San Antonio Aug. 25, 2004, no pet.) (mem. op., not designated for publication) (rejecting claim that counsel was ineffective because he
failed to request mistake of fact instruction because “the jury had to consider
her defense of consent before finding her guilty, and there is no indication
that including a mistake of fact instruction would have changed the outcome”;
thus, appellant did not show prejudice component of Strickland).

          Appellant
contends that Green v. State, 899
S.W.2d 245 (Tex. App.—San
Antonio 1995, no pet.) supports his ineffective assistance of counsel claim.  There, the court of appeals reversed the
defendant’s conviction based on ineffective assistance of counsel based, in
part, on counsel’s failure to request a mistake of fact instruction.  Id. at 249.  

          Although
the entirety of the trial court’s charge in Green
is not set forth in the opinion, it is apparent from the opinion that the
charge did not require the jury to consider the defendant’s mistake of fact
defense.  See id. at 248–49.  Thus, the jury was allowed to convict the
defendant without deciding the merits of that defense.  See id.
at 249.  In
contrast, the jury in this case was necessarily required to consider the merits
of appellant’s defense before finding him guilty, even without a mistake of
fact instruction; therefore, the analysis in Green does not apply.

We also recognize that, in Okonkwo v. State, 357 S.W.3d 815, 821 (Tex.
App.—Houston [14th Dist.] 2011, pet. granted), the Fourteenth Court of Appeals
recently reversed a judgment of conviction on the ground that appellant’s trial
attorney had rendered ineffective assistance of counsel by failing to request a
mistake of fact instruction.  The court
in Okonkwo concluded, inter alia, that, given the
facts and the offense involved in that case, the charge did not require the
jury to consider the appellant’s mistake of fact defense.  See
id.  As discussed, the jury charge in
this case would have necessarily considered appellant’s mistake of fact defense
under the charge as given.  For this
reason, Okonkwo is distinguishable from this case.  

          We conclude
appellant has not shown that there is a reasonable probability that, but for
his counsel’s alleged deficient performance, the outcome of the proceeding
would have been different.  See Andrews, 159
S.W.3d at 102.  The failure to
make a showing under either of the required prongs of Strickland defeats a claim for ineffective assistance of counsel.  Williams,
301 S.W.3d at 687.  We hold that appellant has not met his burden
to show ineffective assistance of counsel by a preponderance of the evidence.  See
Jackson, 973 S.W.2d at 956.

          We overrule
appellant’s sole issue.  

Conclusion

We affirm the judgment of the trial
court.

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Chief
Justice Radack and Justices Higley and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]
        See Tex. Penal Code Ann. § 31.03(e)(5) (Vernon Supp.
2011).  We cite to the current version of
the Penal Code because the 2011 amendments to section 31.03 do not affect the
outcome of this appeal.

 





[2]         Lopez testified at trial.  He confirmed that he had purchased the 2005
truck for appellant at auction.