Affirmed and Memorandum Opinion
filed May 12, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00184-CR



Fernando
Ortiz-Juarez, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 174th District Court

Harris County, Texas

Trial Court
Cause No. 1205633



 

MEMORANDUM OPINION 

Appellant Fernando Ortiz-Juarez challenges his
conviction for burglary of a habitation, raising three issues pertaining to his
“guilty” plea that he claimed to have retracted at a later point in the
proceedings.  Appellant asserts the trial court erred in accepting his initial “guilty”
plea and in finding him guilty as charged even after he asserted that he did
not commit the charged offense.  Appellant also claims the trial court should
have sua sponte ordered appellant’s “guilty” plea withdrawn and that the trial
court’s failure to do so resulted in denial of equal protection and violation
of his due-process rights.  In a fourth issue, appellant claims he was denied
effective assistance of counsel.  We affirm.

Factual and Procedural
Background

Appellant was charged by indictment with the felony
offense of burglary of a habitation.  Appellant waived his right to a jury
trial and, without an agreed recommendation, judicially confessed to committing
the charged offense.  The trial court withheld finding appellant guilty of the
offense and ordered a presentence investigation.

The complainant testified at the sentencing hearing
that she entered her apartment one night and heard an odd noise.  The
complainant believed an unknown person was inside, so the complainant fled the
apartment and notified authorities.  Responding officers found appellant, who
is the complainant’s neighbor, underneath the complainant’s bed.  Officers
recovered a cell phone charger and some compact disks belonging to the
complainant in appellant’s possession.  Officers also recovered a knife in
appellant’s pocket.  According to the complainant, after officers removed
appellant from her apartment, she realized that some photographs, which were
normally kept in a drawer, had been moved and that someone had used her
computer in her absence.

At the hearing, appellant testified that as he
returned home from a party, he observed the door to the complainant’s apartment
ajar.  He said he heard a scream from inside the complainant’s apartment and
entered the complainant’s apartment ten minutes later to investigate the sound. 
Appellant testified that when he later saw the complainant approaching her
apartment, he became scared and hid under the complainant’s bed, where
responding officers later located him.  As for the items found in his
possession, appellant first could not recall possessing anything that belonged
to the complainant, stating that the items could have belonged to him, and then
later stated that he did not know whether the items belonged to the
complainant.

The trial court found appellant guilty of the charged
offense and sentenced appellant to five years’ confinement.

Issues and Analysis

Did the trial court err in
failing to order appellant’s “guilty” plea withdrawn?

Appellant’s first three issues pertain to the trial
court’s alleged error surrounding appellant’s “guilty” plea.  In his first
issue, appellant asserts that the trial court erred in accepting appellant’s “guilty”
plea and in finding appellant guilty as charged even after appellant claimed
that he did not commit the charged offense and without questioning appellant
further.  For support, appellant points to his testimony at the hearing as
indicative that he “implicitly, if not expressly” withdrew his “guilty” plea. 
In his second issue, appellant claims that trial court should have “sua sponte
withdrawn appellant’s plea.”  Appellant claims, in a third issue, that the
trial court’s alleged failure to sua sponte withdraw the plea resulted in the
denial of his rights to equal protection and due process of law.

Appellant claims that before the trial court found
him guilty, he testified that he did not commit the charged offense and effectively
withdrew his plea of “guilty.”  Contrary to appellant’s assertions, the record
does not reflect that appellant expressly withdrew his plea.  Moreover,
although appellant claims he repeatedly withdrew his plea through his
testimony, appellant has not cited any legal authority in support of a
determination that the testimony was an “implicit withdrawal” or that the trial
court was duty-bound to order the plea withdrawn when appellant did not timely raise
any formal request to withdraw.  See Tex.
R. App. P. 33.1(a); see also Mendez v. State, 138 S.W.3d 334, 350
(Tex. Crim. App. 2004) (placing on an accused the requirement of timely seeking
to withdraw a plea of “guilty”).

A trial court has no duty to withdraw a defendant’s “guilty”
plea sua sponte after the defendant has waived a jury trial, even if the
evidence fairly raises an issue as to the innocence of the defendant.  See
Thomas v. State, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980); Moon v.
State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh’g).  As a
trier of fact, the trial court, without withdrawing the “guilty” plea, may
decide the issue, either finding the defendant not guilty or guilty as it
believes the facts require.  Thomas, 599 S.W.3d at 824.  Thus, no valid
purpose would be served by requiring a trial court to order a “guilty” plea
withdrawn.  See Moon, 572 S.W.2d at 682.  Under the facts and
circumstances of this case, the trial court’s failure to order the plea
withdrawn was not an abuse of discretion.  Because there is no merit to
appellant’s arguments, we overrule appellant’s first three issues.

Did appellant receive
ineffective assistance of counsel?

In his fourth issue, appellant claims to have
received ineffective assistance of counsel by his trial counsel’s failure to
move to withdraw appellant’s “guilty” plea.  Appellant claims his plea was
involuntary as a result of his trial counsel’s alleged deficient
representation.[1] 
Appellant also claims his counsel was deficient for failing to object to some
evidence that appellant characterizes as extraneous evidence.

Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 1.051 (West
2010).  This right necessarily includes the right to reasonably effective
assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104
S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830,
835 (Tex. Crim. App. 1997).  To prove ineffective assistance of counsel,
appellant must show that (1) trial counsel’s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel’s deficient performance.  Strickland,
466 U.S. at 688–92.  Moreover, appellant bears the burden of proving his claims
by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954,
956 (Tex. Crim. App. 1998).  

In assessing appellant’s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel’s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  When, as in this case, there is no proper evidentiary record developed
at a hearing on a motion for new trial, it is extremely difficult to show that
trial counsel’s performance was deficient.  See Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002).  If there is no hearing or if counsel does not
appear at the hearing, an affidavit from trial counsel becomes almost vital to
the success of an ineffective-assistance claim.  Stults v. State, 23
S.W.3d 198, 208B09
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The Court of Criminal
Appeals has stated that it should be a rare case in which an appellate court
finds ineffective assistance on a record that is silent as to counsel’s trial
strategy.  See Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App.
2005).  On such a silent record, this court can find ineffective assistance of
counsel only if the challenged conduct was “‘so outrageous that no competent
attorney would have engaged in it.’”  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001)).  

Appellant claims that he was denied effective assistance
because his trial counsel did not seek to allow appellant to withdraw his plea
of “guilty.”  Appellant did not file a motion for new trial, and nothing in the
record reflects why appellant’s counsel did not move to withdraw the “guilty”
plea.  See Mallet v. State, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001). 
Appellant asserts that no plausible trial strategy would support his trial
counsel’s conduct; but appellant’s trial counsel reasonably could have
determined that he could not rebut the recitations in the record that
appellant’s plea was freely and voluntarily entered.  See id.  To find
trial counsel ineffective would call for this court to speculate, which we will
not do.  See id. at 64–65.  When, as in this case, the record is silent
as to why counsel did not request that appellant’s “guilty” plea be withdrawn,
appellant has failed to satisfy the first prong of Strickland.  See
id.

            Appellant also
claims that his trial counsel should have objected to testimony that appellant
characterizes as inadmissible extraneous evidence.  According to appellant, the
testimony from the complainant suggests that appellant had entered the
complainant’s apartment on other prior occasions.  Even presuming that this
evidence was inadmissible and that appellant could demonstrate that his
counsel’s conduct was deficient under the first prong of Strickland,
appellant could not prevail because he has failed to satisfy the second prong
in demonstrating the result of the proceeding would have been different—especially
in light of appellant’s testimony.  See Cotton v. State, 893 S.W.2d 200,
203 (Tex. App.—Fort Worth 1995, no pet.) (rejecting argument that an accused’s
trial counsel provided ineffective assistance by failing to file motion in
limine instructing complainant not to testify as to extraneous acts committed
by accused).  We overrule appellant’s fourth issue.

            The judgment of
the trial court is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
To the extent appellant claims his plea was involuntary, appellant did not
complain to the trial court about the voluntariness of his “guilty” plea either
before or after his sentencing, including in any motion for new trial;
therefore, he has waived the issue for review.  See Tex. R. App. P. 33.1(a).